```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
VALENTINO USA INC., VALENTINO S.P.A.
and VALENTINO GLOBE B.V.,

                Plaintiffs,              03 CV 10095 (KMW)

     -against-                           ORDER ENTERING
                                         DEFAULT JUDGMENT
SAMUEL S. ABECASSIS a/k/a SAM CASSIS,    AGAINST DEFENDANTS
TRANSTEXTILES INC., SJJ ENTERPRISE,      TRANSTEXTILES, INC.
LLC, FASHION FOCUS GROUP INC., DOUGLAS   AND SJJ ENTERPRISE, LLC
CAPLAN a/k/a DOUG KAPLAN, CHARLES E.     PURSUANT TO FED. R.CIV P.
YOAS, JR., URBAN JEANSWEAR, INC., MLM    37(b)(2)(C)
GROUP a/k/a SPAGO COLLECTION, MELVIN
COHEN JR., and CASTLEWOOD APPAREL
CORP.,

                Defendants.
--------------------------------------X
```

WOOD, U.S.D.J.:

By a letter to the Court dated April 25, 2006, Plaintiffs have requested the Court to convert into a final judgment the Court's August 30, 2004 Order to Show Cause Why Final Judgment Should Not Be Entered As To Defendants Transtextiles Inc. ("Transtextiles") and SJJ Enterprise, LLC ("SJJ") in this trademark infringement action.

**I. Background**

On December 19, 2003, Plaintiffs filed a complaint (the "Complaint") against ten defendants, including Samuel S. Abecassis ("Abecassis"), Transtextiles, and SJJ (together, the "Abecassis Defendants"), alleging that the Defendants made

1

infinging use of their clothing trademarks (the "Valentino Marks").

Myron Amer submitted a notice of appearance to the Court as attorney to the Abecassis Defendants on January 8, 2004, and an answer to the Complaint was filed by Myron Amer on behalf of the Abecassis Defendants on January 27, 2004. Following a Motion for a Preliminary Injunction, filed by Plaintiffs on February 9, 2004, the Abecassis Defendants filed a Memorandum of Law in Opposition on March 1, 2004.  Oral argument on this motion was held on March 30, 2004, and a preliminary injunction was entered on March 31, 2004 against the Abecassis Defendants, enjoining their use of all of the Valentino Marks, with the exception of the mark "Mario Valentino." Following a further appearance on April 2, 2004, the Court extended the preliminary injunction against the Abecassis Defendants to enjoin the use of the Mario Valentino mark. The Court also issued an order freezing the bank and/or investment accounts owned by any of the Abecassis Defendants, directing them to account for their assets within 24 hours, and directing Myron Amer, as their attorney, to search his records, and the records of his bookkeeper, and to identify any bank accounts or bank information of the Abecassis Defendants within 72 hours.

Neither Transtextiles nor SJJ provided an accounting and, at a telephone conference held on April 5, 2004, Myron Amer informed

the Court that he had received notification from Jacques Abecassis withdrawing Amer's authority to represent the corporate defendants, Transtextiles and SJJ. (Tr. at 15). Myron Amer did not make an application to be relieved as counsel for Transtextiles and SJJ as required by Local Rule 1.4, and at a conference held on April 8, 2004, the Court told Myron Amer that he still represented the defendants Transtextiles and SJJ, and that he was to notify them of what had transpired at the conference. (Tr. at 15-16)

Amended and Modified Orders were signed by the Court on April 8, 2004 and April 14, 2004, providing for the attachment order against Abecassis to be dissolved upon the receipt by Plaintiffs of $10,000. A Consent to Final Judgment was entered in favor of Plaintiffs and against Abecassis on April 9, 2004. However, Transtextiles and SJJ still failed to provide an accounting of their assets and the Amended and Modified Orders of April 8 and April 14 further provided for the freezing of the bank accounts and/or other investments accounts owned by Transtextiles or SJJ, and again directed the these two corporate parties to account for their assets within 24 hours.

On April 9, 2004, Plaintiffs filed a motion for an Order to Show Cause Why Final Judgment Should Not Be Entered Against Transtextiles and SJJ and, following a Court order, submitted a Memorandum of Points and Authorities in Support of their motion

on April 13, 2004. The Court denied Plaintiff's motion as premature by order of June 11, 2004. In that order, the Court notified Transtextiles and SJJ that Myron Amer was still their attorney of record and that, should either of those parties wish to change counsel, a formal request to the Court would be required. The order further directed Transtextiles and SJJ each to provide a detailed accounting of its assets no later than June 21, 2004, and warned that failure to comply with the order could result in an entry of default judgment against them. No formal application was made by Myron Amer to be relieved as counsel for Transtextiles or SJJ, and neither Transtextiles nor SJJ has responded to the June 11, 2004 order.

By order of August 30, 2004, the Court directed Transtextiles and SJJ to show cause by September 8, 2004, why final judgment should not be entered against them. Neither Transtextiles nor SJJ has filed an answer to the Order to Show Cause.  The Plaintiffs now request the Court to convert into a final judgment the Court's unanswered August 30, 2004 Order.

**II. Default**

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) An order ... rendering a judgment

4

by default against the disobedient party." Although entry of a default judgment is an extreme measure, Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995); Update Art, Inc. v. Modlin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) such a harsh sanction may be imposed when the parties have willfully disregarded a court's order or have acted in bad faith or with gross negligence.  See Bowmar Instrument Corp. v. Continental Microsystems, 497 F.Supp. 947, 959 (S.D.N.Y. 1980). See also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066-67 (2d Cir. 1979). In this case, both Transtextiles and SJJ have failed to respond to the Court's orders issued on April 2, April 8, April 14, and June 11, 2004 to account for their assets.  The order of June 11, 2004 specifically warned Transtextiles and SJJ that their failure to respond could result in an entry of default judgment against them.  On August 30, 2004, the Court ordered the two defendants to show cause why a final judgment should not be entered against them. Neither party has responded.  The Court also notes that Transtextiles and SJJ attempted to discharge their attorney, Myron Amer, but made no effort to replace him. The Court finds that the actions of Transtextiles and SJJ constitute a willful disregard of the Court's orders warranting the severest sanction.

    Disciplinary sanctions under Rule 37 are intended to serve three purposes: (1) to ensure that a party will not benefit from

its own failure to comply; (2) as specific deterrents to obtain compliance with a particular order; and (3) to serve a general deterrent effect.  See Update Art, 843 F.2d at 71(2d. Cir. 1999). In this case, the Court has given Transtextiles and SJJ several opportunities to comply with its directive to account for their assets, has warned them of the consequences of their failure to comply with its orders, and has directed them to show cause why final judgment should not be entered against them -- all to no avail. An entry of default judgment is appropriate to ensure that these defendants do not benefit from their willful disregard of the Court's orders, and to serve as a deterrent to ignoring the directives of the court.

**III. Injunctive Relief and Damages**

Plaintiffs seek to render permanent the preliminary injunction enjoining Transtextiles and SJJ from licensing, manufacturing, marketing, advertising, selling or distributing apparel or other goods bearing any Valentino Marks or from otherwise using Plaintiffs' Valentino Marks. A court may issue an injunction following the award of default judgment provided that the party (1) is entitled to injunctive relief under the applicable statute; and (2) meets the pre-requisites for the issuance of an injunction, including, among other factors, irreparable harm should the injunction not be granted.  See Main Events/Monitor Productions v. Batista, No. 96 Civ. 5089, 1998 WL

760330, at *1(E.D.N.Y. Aug. 26, 1998).

Section 34(a) of the Lanham Act gives the courts the "power to grant injunctions to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C 1116(a). See also Phillip Morris USA Inc. V. Marlboro Express, No. 03 Civ. 1161 (CPS), 2005 WL 2076921, at *7 (E.D.N.Y. Aug. 26, 2005). As set forth in the Complaint, Plaintiffs are the owners of incontestable registrations for the Valentino Marks pursuant to 15 U.S.C. §1065. (Compl. ¶¶ 34 and 35).

The Court also finds that the pre-requisites for issuing an injunction have been satisfied. To obtain a permanent injunction, a plaintiff must demonstrate actual success on the merits and irreparable harm. Gucci America, Inc. v. Duty Free Apparel, Ltd., 286 F.Supp.2d 284, 290 (S.D.N.Y 2003). Because a default judgment establishes liability, see Bambu, 58 F.3d at 854, Plaintiffs have demonstrated success on the merits. The Court also finds that the Plaintiffs will suffer irreparable harm if an injunction is not granted. The Court tentatively expressed at the hearing on Plaintiffs' request for a preliminary injunction, and subsequently conclusively found in its orders of March 31, 2004 and April 2, 2004, that the marks being used by the Abecassis Defendants were confusingly similar to the Valentino Marks. The Court found that because the allegedly infringing marks were of lesser quality than

7

Plaintiffs' goods, and sold at lower prices, there was a risk that consumer confusion would irreparably harm the goodwill and reputation associated with the Valentino Marks. A permanent injunction is an appropriate remedy in this case, even though Transtextiles and SJJ may no longer be using the Valentino Marks, or intend to use them in the future. An action for an injunction does not become moot merely because the conduct complained of was terminated.  See Federal Trade Commission v. 1263523 Ontario, Inc., 205 F.Supp.2d 218, 222 (S.D.N.Y. 2002), quoting Allee v. Medrano, 416 U.S. 802, 811, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974). The Court finds that the Plaintiffs have satisfied the requirements for issuance of a permanent injunction, and hereby grants Plaintiffs the permanent injunction they seek.

In addition to the permanent injunction, Plaintiffs are also seeking monetary relief, including, disgorgement of the profits of Transtextiles and SJJ resulting from their trademark violations, and reimbursement of Plaintiffs' attorneys' fees and costs. Although a default judgment entered on well-pleaded allegations establishes a defendant's liability, it does not reach the issue of damages. Bambu, 58 F.3d at 854. The Court refers to Magistrate Judge Douglas Eaton, the magistrate judge assigned to this case, the determination as to the measure of the monetary damages sought by Plaintiffs.

## IV. Conclusion

For the reasons stated above, a default judgment is granted against Transtextiles and SJJ and a permanent injunction is issued, enjoining those defendants from licensing, manufacturing, marketing, advertising, selling or distributing apparel or other goods bearing any Valentino Marks or from otherwise using Plaintiffs' Valentino Marks. The measure of the monetary damages to which Plaintiffs are entitled is referred to Magistrate Judge Douglas F. Eaton.

SO ORDERED.

Dated:   New York, New York
         August _15_, 2006

_____
Kimba M. Wood
United States District Judge